1843.

CARROLL
v.
ROOSEVELT.

CARROLL v. ROOSEVELT, Executor, &c. and others.

Where complainants have a common interest in all the matters of the bill and the defendants are concerned only in portions and a demurrer is interposed for multifariousness, the court will look to convenience and expediency and use its discretion as to a dismissal of the bill.

DEMURRER to the bill on the ground of multifariousness. The bill was filed by the complainant Barbara Julian Carroll, one of the children of Matthew Carroll, heretofore of the city of New York, deceased. It set forth his will, whereby he gave and devised the residue of his real and personal estate to his executors, in trust to sell and invest. And directed his executors to make a suitable provision for the maintenance and education of his children until they should severally arrive at the age of twenty-one years; and when the eldest, who should be then living, should arrive at the age of twenty-one years, he directed that just and equal distribution of all that remained should be made among such of his children as should then be living and the children of either of them who should have died leaving children, &c. &c.

The bill went on to state that the testator left him surviving his widow Sarah Carroll, and the complainant with Nicholas Carroll and Catharine S. Carroll, defendants, his children. That he died possessed of a large property, (describing the real estate.) That, by an indenture dated the first day of May, one thousand eight hundred and thirty-seven, a lot of land was conveyed in fee to the said Sarah Carroll and that the consideration therefor was paid out of the funds of the estate of the said testator Matthew Carroll. That the said Sarah Carroll and Mr. Denis McCarthy duly qualified as executors to the aforesaid will; but that the said McCarthy had since died, leaving the said Sarah Carroll the sole surviving acting executrix. That she had made large advances to the son Nicholas Carroll, over and above necessary expenses and support; but, that al-

Jan. 26.
1843.

Pleading.
Multifa-
riousness.
Demurrer.

though it was true that the complainant, as well as her sister Catharine S. had been maintained and educated and treated with the utmost kindness and liberality of treatment, yet no advances out of their father's estate had been made to them. That the said Nicholas Carroll, the eldest son, who was the eldest son who had survived him, arrived of age on the fourth day of August, one thousand eight hundred and thirty seven; and that, at that time, pursuant to the terms of the said will, the said executrix ought to have made a just and equal distribution of all of his residuary estate; but that it had not been done. That if such distribution had been made, the said Nicholas would have been found indebted to the complainant and to her sister Catharine S., on account of advances already made to him; and that the complainant and her said sister would have been entitled to devise the whole of the said property between them. That, notwithstanding this, the said Sarah Carroll, executrix and trustee aforesaid, had conveyed a lot of the testator's real estate situated in Ferry street to the said Nicholas in fee and, although the conveyance of the same expressed a consideration of seventeen thousand dollars, yet, that the deed was wholly gratuitous and without consideration and in violation of the trusts of the said will and in disregard of the rights of the complainant and of her said sister; and that all this was known to James C. Roosevelt, who had received a mortgage of such lot from the said Nicholas, made to secure his bond conditioned to pay five thousand dollars and interest. The complainant insisted that the said mortgage was void as against her. That James C. Roosevelt was dead; and that his executor James H. Roosevelt (made a defendant) had commenced proceedings in this court to foreclose the mortgage. Also, that the said Nicholas Carroll, with Elizabeth his wife, had made a second mortgage on the same lot to Conrad W. Faber, Guillaume Merle and Leopold Bierwirth; that the last named mortgagees were knowing of the rights of the complainant and of her sister in the premises embraced thereby; and that such mortgage was null and void as against the complainant's rights therein. That the last named mortgagees had proceeded by statute foreclosure

and a sale had been had thereunder to one Christian H. Sand, who, as the complainant charged, acted as agent for them. That she, the complainant, had only lately come of age. *Prayer :* That by a decree the said conveyance executed by the said Sarah Carroll might be declared void and be cancelled of record ; that the respective mortgages made by Nicholas Carroll to the said James C. Roosevelt and to the said Faber, Merle and Bierwirth should be set aside ; that the said Sarah Carroll, as such executrix, might be ordered to account and distribute ; and that the said Sand might be enjoined ; and, for further relief.

1843.<br>CARROLL<br>*v.*<br>ROOSEVELT.

Mr. *J. L. Mason,* in support of the demurrer, cited 1 Mad. Ch. Pract. 85 ; *Werley* v. *Dawson,* 2 Sch. & Lef. 367 ; *Salvage* v. *Hyde,* 1 Jacob's R. 151 ; *Campbell* v. *Mackie,* 1 Mylne & Craig, 603 ; *Attorney-General* v. *Merchant Tailors' Co.,* 5 Sim. 285 ; *Attorney-General* v. *Merchant Tailors' Co.,* 1 Mylne & Keene, 189 ; *Saxton* v. *Davis,* 18 Ves. 72 ; *Ward* v. *Duke of Northumberland,* 2 Anstr. 469 ; *Brinckerhoff* v. *Brown,* 6 J. C. R. 139 ; *Fellows* v. *Same,* 4 Cowen's R. 682 ; *Boyd* v. *Hoyt,* 5 Paige's C. R. 65 ; *Swift* v. *Eckford,* 6 Ib. 22, 28 ; Story's Eq. Pl. 224, 407.

Mr. *W. C. Russell,* contra.

THE VICE-CHANCELLOR :—So far as the bill seeks to overthrow the mortgages to Roosevelt and Faber and Merle and the title in the defendant Sand, (under the latter,) on the ground of the invalidity of the mortgagor's title under the conveyance from his mother to him, the objection of misjoinder or multifariousness has no foundation. Although the interests of these mortgagees are distinct, yet they are equally concerned to support the title of their common mortgagor and it is proper to have them joined or to unite them as defendants in the same bill which has for its object the overthrow of that title, in order that they may both interpose their defence. The issue to be tried affects them both and it can be more conveniently tried and determined in one suit than in two in which the proceedings and testimony would have to be in all respects similar.

*Sept.* 12.

The cases of *Fellows* v. *Fellows*, 4 Cowen's R. 682 ; *Boyd* v. *Hoyt*, 5 Paige's C. R. 65 ; *Swift* v. *Eckford*, 6 Ib. 22, contain the true rule on the subject and show that it is proper to make both Roosevelt and Sand defendants in the same bill for this particular purpose and object.

But, another question arises, whether it is admissible thus to implead them in a bill which has a further object in view, namely, the taking of an account and the settlement and distribution of the estate between the complainant and the other defendants, in which accounting and distribution the first named defendants have no interest or concern? Some of the cases cited on the argument would seem to answer this question in the negative. The case of *Salvidge* v. *Hyde* comes the nearest to the case in hand, and in which the vice-chancellor overruled the demurrer, but which was afterwards allowed by Lord Eldon on appeal (5 Mad. C. R. 138, and Jac. R. 151.) In *Campbell* v. *Mackay*, 1 Mylne & Craig, 603, before Lord Cottenham, chancellor, it is shown on a review of all the English cases on the subject of multifariousness, that where the complainants have a common interest in all the matters comprised in the bill and the defendants are concerned only in portions of the subject matter that the objection of multifariousness becomes a subject of discretion to be determined and upon considerations of convenience and expediency with reference to the circumstances of each particular case ; and the argument there, in support of the demurrer against uniting defendants in that bill, was quite as strong and, indeed, stronger than can be urged in the present case and, yet, both the vice-chancellor and lord-chancellor on appeal overruled the demurrer. That case I deem a sufficient authority for allowing the bill to stand as a matter of convenience, to take the accounts and settle the estate after it shall be determined how far the mortgages in question are valid. Indeed, I do not see but what the mortgagees may become interested in the taking of the accounts with the view to ascertain the amount or value of the share which may still remain to Nicholas ; for if his title by deed, under which he gave the mortgage, should fail, his mortgagees may, perhaps, be entitled to claim in equity that those mortgages may be deemed valid incumbrances

on his undivided share of the property. And if, on the other hand, it shall be determined that the mortgages are valid under Nicholas's title from his mother, then this bill, as to these defendants, will be dismissed and they will be put to no trouble or inconvenience in the matter of account.

Order, overruling demurrer, with costs.